An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL ANTHONY MORENO, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66792

FILED

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts each of burglary while in possession of a firearm, robbery with the use of a deadly weapon, and possession of a firearm by a felon. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Daniel Moreno, Jr. raises four contentions on appeal.

First, Moreno argues that the district court erred in failing to "seriously entertain" his objection to the racial composition of the jury venire. We disagree. The burden of demonstrating a prima facie violation of the fair-cross-section requirement rested with Moreno to show (1) that the group allegedly excluded is a "distinctive" group in the community; (2) that the representation of that group in venires is not fair and reasonable in relation to the number of such people in the community; and (3) that underrepresentation is due to systematic exclusion of the group in the selection process. *Evans v. State*, 112 Nev. 1172, 1186, 926 P.2d 265, 275 (1996). As Moreno alleged that the venire failed to represent the

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38711

aggregate percentage of different minority groups in the community, he failed to allege that a *distinct* group had been underrepresented. As he did not allege sufficient facts to warrant further inquiry, the district court did not err in denying Moreno's claim without conducting an evidentiary hearing.

Second, Moreno argues that the district court erred in denying his motion to suppress his statements to police as he invoked his right to remain silent and his right to counsel. We disagree. The record does not indicate that Moreno invoked his right to counsel or to remain silent regarding the instant charges. Moreno was given *Miranda*[1] warnings prior to questioning. He inquired about his representation by counsel as it related to the other charges for which he was represented, but this mere inquiry did not amount to an unequivocal invocation of his right to counsel on the instant charges. *See Berghuis v. Thompkins*, 560 U.S. 370, 381 (2010) (providing that an accused must invoke his right to remain silent unambiguously); *Kaczmarek v. State*, 120 Nev. 314, 329, 91 P.3d 16, 27 (2004) (requiring unambiguous invocation of right to counsel). Moreno continued with the interview and did not ask for counsel or express a desire not to answer questions at any time thereafter. *See Berghuis*, 560 U.S. at 384 ("Where the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent."); *Mendoza v. State*, 122 Nev. 267, 276, 130 P.3d 176, 182 (2006) (stating that written or oral statement of waiver of right to remain silent unnecessary but waiver of right may be inferred from actions and words of

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

accused). Given this context, the district court did not err in denying the motion to suppress.

Third, Moreno contends that the district court erred in permitting the State to shift the burden of proof to Moreno to provide an alibi during questioning by Detective Nelson. We conclude that the district court did not err in concluding that no prosecutorial misconduct occurred. The State's questioning did not suggest that Moreno had to produce an alibi or testify on his behalf. *See Evans v. State*, 117 Nev. 609, 631, 28 P.3d 498, 513 (2001) ("Generally, prosecutorial comment on the failure of the defense to present witnesses or evidence impermissibly shifts the burden of proof."). Instead, it sought to establish that Moreno had an opportunity to commit the charged crimes. Moreover, the jury was instructed that the State bore the burden of proving the facts supporting the charges beyond a reasonable doubt and that Moreno did not have to prove his innocence or call witnesses on his behalf. Therefore, the district court did not abuse its discretion in overruling the objection.

Fourth, Moreno argues that the State introduced evidence that his DNA was found on a pistol that was found in an uncharged robbery in violation of a district court order denying the State's motion to admit evidence of other crimes. We discern no abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Although the district court denied the State's motion to admit evidence of the uncharged robbery during which the pistol was dropped, the district court ruled that evidence that Moreno's DNA was found on the pistol was admissible. The fact that Moreno possessed a pistol less than two weeks after the charged armed robberies is relevant to whether he committed the armed robberies. *See* NRS 48.015 (relevant evidence tends "to make the

existence of any fact that is of consequence to the determination of the action more or less probable").

Having considered Moreno's contentions and concluding that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Valerie Adair, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk